UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                       Case No. 25-CR-20612-2
                                       HON. MARK A. GOLDSMITH

D-2 KARAR ALNAKASH,

        Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER (Dkt. 96)

Before the Court is Defendant Karar Alnakash's motion for revocation of detention order

(Dkt. 96).  For the reasons set forth below, the Court denies the motion.[1]

## I.    BACKGROUND

Alnakash was charged, by indictment, with conspiracy to transport a stolen vehicle or

vehicles in violation of 18 U.S.C. §§ 371, 2312 and two counts of transportation of a stolen vehicle

in violation of 18 U.S.C. §§ 2312, 2.  After a detention hearing, the magistrate judge ordered

Alnakash detained pending trial finding by a preponderance of the evidence that Alnakash is a

serious flight risk.  9/9/25 Order at PageID.152 (Dkt. 82).  The magistrate judge based his decision

on evidence that Alnakash (i) was not forthcoming with Pretrial Services about his income, owned

international property, and his business dealings; (ii) was found with $30,000 in cash upon arrest;

(iii) had recent extensive travel abroad; and (iv) is a dual citizen of Iraq and has relatives who live

---

[1] In addition to Alnakash's motion, the briefing includes the Government's response (Dkt. 101) and Alnakash's reply (Dkt. 102).  The Court held a hearing on this motion on January 20, 2026 and ordered the parties to submit supplemental memorandums and proposed orders.  1/23/26 Order (Dkt. 116).  The Government and Alnakash submitted supplemental briefs and proposed orders (Dkts. 117, 118).

there.  Id. at PageID.154.  Alnakash's motion asks the Court to review the magistrate judge's decision.  Mot. at PageID.242.

## II.   ANALYSIS

When a magistrate judge issues a detention order pursuant to 18 U.S.C. § 3142, a defendant may request that the order be reviewed by the district court. 18 U.S.C. § 3145(b).  The district judge reviews the magistrate judge's detention order de novo.  United States v. Romans, No. 00-5456, 2000 WL 658042, at *1 (6th Cir. May 9, 2000).

Under the Bail Reform Act, "[i]f ... the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial."  § 3142(e)(1).  To make this determination, a court consults the factors set forth in § 3142(g): (i) the nature and circumstances of the offense charged, (ii) the weight of the evidence against the defendant, (iii) the history and characteristics of the defendant, and (iv) the nature and seriousness of the danger that the defendant's release would pose to any person or the community.  "The government must prove risk of flight by a preponderance of the evidence…."  United States v. Hinton, 113 F. App'x 76, 77 (6th Cir. 2004).  As explained below, the Government has shown that no combination of conditions will reasonably assure Alnakash's appearance.

### A.  Nature and circumstances of the offenses

The nature and circumstances of Alnakash's alleged crimes are serious.  The Government's preliminary estimate of his guidelines range is 121 to 151 months in prison.  Resp. at PageID.285.  According to the Government, Alnakash is alleged to have been involved in a conspiracy that involves the recovery of 400 intact stolen vehicles valued at $39 million.  Gov. Supp. Br. at PageID.373.  The Government states that Alnakash personally caused false manifests regarding

the contents of shipping containers to be filed and was involved in the operations of Armada Towing, a company that is alleged to have attempted to ship 20 containers of stolen cars and car parts overseas.  Id.  He is alleged to have communicated extensively with Defendant 1 Haydar Al Haydari including reporting to Al Haydari that their shipments were interdicted by CBP and likely would be seized.  Id. at PageID.373–374.  He and Al Haydari also discussed containers, "chopped" cars, and money that their customers in Iraq owed them.  Id. at PageID.374.  The alleged scale and dishonesty involved in these crimes weighs heavily in favor of detention.

### B.  History and characteristics

Alnakash's history and characteristics also weigh in favor of detention.  The Court is not persuaded that Alnakash has been truthful with Pretrial Services related to his assets.  Despite reporting a modest income of around $60,000 on his 2022 tax return, the Government intercepted statements Alnakash made regarding having $500,000 in Dubai and an apartment in Turkey.  Id. at PageID.374.  Found in a safe at his home upon arrest was an estimated $109,435 worth of jewelry.  Id.  The Government also proffers that Alnakash owns over $2 million in real estate in Michigan.  Resp. at PageID.281–283.  None of this income was reported to Pretrial Services.  Alnakash's history of apparent dishonesty weighs in favor of detention.

### C.  Weight of the evidence

The weight of the evidence of Alnakash's flight risk weighs in favor of detention.  According to the Government's estimated guidelines sentence, Alnakash faces years in prison if convicted.  Resp. at PageID.281–282.  The Government has also shown that he has the means— he stated himself that he has significant cash overseas, as well as real estate.  Id. at PageID.282.  The fact that he has surrendered his U.S. passport is not compelling because he is also an Iraqi

3

citizen.  Id. at PageID.282–283.  Given Iraq's extradition practices, Alnakash is unlikely to return if he flees to Iraq.  Id. at PageID.283.

### III.    CONCLUSION

For the reasons stated above, Alnakash's motion for revocation of detention order is denied.

**SO ORDERED.**

Dated: April 21, 2026                                                  s/Mark A. Goldsmith
Detroit, Michigan                                                    MARK A. GOLDSMITH
                                                                             United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 21, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager